IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GEORGE M. ALEXANDER,            )
                                )
        Plaintiff,               )   Civil Action No. 05-248J
                                )
    v.                          )   Judge Gibson
                                )   Magistrate Judge Caiazza
FEDERAL BUREAU OF PRISONS,      )
et al.,                         )
                                )
        Defendants.             )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

For the reasons that follow, it is respectfully recommended that the Defendants' Motion to Dismiss or for Summary Judgment (Doc. 18) be granted.

### II. REPORT

The Plaintiff, George M. Alexander ("Alexander" or "the Plaintiff"), is a former federal prisoner who has filed a pro se Bivens action.[1] Initially named as Defendants were the Federal Bureau of Prisons ("BOP") and eight employees of the Federal Corrections Institution at Loretto, Pennsylvania. The court has granted in part and denied in part a prior Motion to Dismiss filed by the Defendants. A review of the Report and

---

1. Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).

Recommendation (Doc. 15) reveals that the Motion to Dismiss was granted in all respects except for: (1) a claim that Alexander was denied access to the courts when Defendant Becker allegedly destroyed an appellate brief Alexander prepared in his appeal from a criminal conviction; and (2) any claim Alexander had with respect to conditions of confinement in the Restricted Housing Unit ("RHU") as to parties other than the BOP. The Defendants now collectively move to dismiss Alexander's remaining actions or alternatively seek summary judgment. (Doc. 18). The Plaintiff has responded to the Motion (Doc. 23) and it is now ripe for disposition.

The Defendants assert that the conditions of confinement claim no longer remains viable because the BOP was the only party named in that claim and the court has already determined that the BOP is immune from suit. Alexander concedes that all claims made against the BOP have been dismissed, but counters that he named other Defendants in his conditions of confinement claim. He refers the court to Paragraphs 62, 63 and 64 of the Complaint (Doc. 23 at 3).

A close reading of the Complaint reveals that Alexander has named only the BOP in his conditions of confinement claim - which begins at Paragraph 50 and ends at Paragraph 65. The Complaint asserts repeatedly that the "Bureau of Prisons" forced him to live "in unsanitary conditions of solitary confinement."

(Doc. 1, e.g., ¶56). Other Defendants are referenced in this portion of the Complaint, but only in the context of the Plaintiff's assertion that they participated in the filing and processing of a misconduct claim, which was the reason Alexander was confined in the RHU.[2] Based upon the allegations set out by Alexander in his Complaint, the court concurs with the Defendants' argument, *i.e.*, that Alexander named only the BOP as a Defendant in his conditions of confinement claim. That said, the BOP has already been dismissed as a party from this lawsuit. The conditions of confinement claim, therefore, is no longer viable. The sole remaining claim is the Plaintiff's access to the courts claim. The court will turn to that issue.

The Supreme Court has recognized that persons confined to penal institutions retain their right of meaningful access to the courts. Bounds v. Smith, 430 U.S. 817 (1977). In Lewis v. Casey, 518 U.S. 343 (1996) the Supreme Court considered the "actual injury" requirement in a right to court access case. This requirement was reaffirmed six years later in Christopher v. Harbury, 536 U.S. 403, 416 (2002), when the Court explicitly held that a plaintiff must identify a non-frivolous claim which was

---

2. E.g., paragraph 62 which references "the 90 days Plaintiff was unconstitutionally **confined** in solitary confinement **as a result of the actions of the Defendants** . . . ." and paragraph 64 which speaks of "the unconstitutional **confinement** of the Plaintiff for 90 days **due to the malicious acts of the Defendants** . . . ." (Emphasis supplied).

actually impacted by the complained-of activity in order to state a claim. "Like any other element of an access claim, the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." Id.

Here, Alexander makes a rather curious argument with respect to prejudice. He asserts that a brief he intended to file with the Sixth Circuit Court of Appeals was destroyed, causing him to prepare another brief. Specifically, Alexander argues that the Sixth Circuit Court had already "informally ruled to Vacate Plaintiff's conviction" but that, while awaiting his new brief, the Sixth Circuit "discarded the Court tapes proving Plaintiff's right to the Vacating of Plaintiff's sentence." (Doc. 23, at 2). His claim lacks merit.

Alexander's burden in response to a well-pleaded motion for summary judgment is to present ". . . specific facts showing that there is a genuine issue for trial . . ." or the factual record will be taken as presented by the moving party and judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)(emphasis provided). The Defendants assert that Alexander suffered no prejudice from the alleged destruction of his appellate brief. With those facts as the backdrop, Alexander must establish that he had a non-frivolous claim to present, and that his remedy was lost due to

the Defendant's conduct. Christopher, supra. Alexander has done neither. He has failed to identify the "non-frivolous claim" he was not permitted to raise, and his appeal to the Sixth Circuit was permitted to proceed  - establishing that Defendant Becker's actions did not deny the Plaintiff an available remedy.  In fact, the claim of prejudice Alexander attempts to make is unrelated to Defendant Becker's actions.  Instead, it is premised upon the fanciful notion that the Sixth Circuit Court of Appeals had somehow "informally" ruled in Alexander's favor while awaiting briefs, but subsequently discarded its anticipated finding and destroyed any evidence of the "informal" ruling when it ultimately issued a "formal" ruling in his case. Alexander's claim appears to be nothing more than a figment of his imagination.

### III. **CONCLUSION**

For the reasons set out in this Report and Recommendation, it is respectfully recommended that the Defendants' Motion to Dismiss or for Summary Judgment (Doc. 18) be granted.


In accordance with the Magistrate's Act, 28 U.S.C. § 636 (b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by February 15, 2007. Responses to objections are due by February

January 30, 2007               *Francis X. Caiazza*
                               Francis X. Caiazza
                               United States Magistrate Judge

cc:   George M. Alexander
      3623 Lytle Road
      Shaker Heights, OH 44122